**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RODRICK JONES,

        Petitioner,                       Case Number: 10-CV-11675

v.                                               HONORABLE AVERN COHN

KENNETH T. MCKEE,

        Respondent.
_____/

## **ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

I.

This is a habeas case. Petitioner Rodrick Jones (Petitioner) is a state inmate at the Bellamy Creek Correctional Facility in Ionia, Michigan. He filed a *pro se* petition for a writ of habeas corpus. The petition is largely illegible and the Court cannot discern with any certainty the conviction challenged or the grounds on which habeas corpus relief is sought. Additionally, Petitioner states that one of his claims has not previously been presented in state court and the claim is, therefore, unexhausted. Under these circumstances, the Court will dismiss the petition without prejudice.

II.

Rule 4, Rules Governing Section 2254 Cases, provides that a district court may enter an order for the summary dismissal of a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real

possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations omitted).

Here, as noted above, much of the petition is barely legible, and the parts that are legible are confused and rambling. The issues raised are not clearly set forth. Additionally, Petitioner attaches several "exhibits" which appear to be one- or two-page excerpts from a trial transcript, and, perhaps, two briefs. The relevance of these exhibits is not explained. Based upon Petitioner's vague and confusing petition, the Court cannot determine the grounds upon which Petitioner seeks habeas corpus relief. The petition, therefore, is subject to summary dismissal on this ground.

Alternatively, the petition is also subject to summary dismissal on exhaustion grounds. A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Petitioner states that his second issue (the substance of which is not clear) has not previously been raised in the state courts. This claim is, therefore, unexhausted and subject to dismissal.

III.

Accordingly, the petition is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: May 13, 2010

I hereby certify that a copy of the foregoing document was mailed to Rodrick Jones 281804, Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846 on this date, May 13, 2010, by electronic and/or ordinary mail.

        S/Julie Owens
        Case Manager, (313) 234-5160